# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GARY L. GREEN, #195045,**

    **Petitioner,**

v.                                        Case No. 2:08-CV-10198-DT
                                           Honorable Nancy G. Edmunds
                                           Magistrate Judge Steven D. Pepe

**DAVID SMITH,**

    **Respondent.**

_____/

## OPINION & ORDER DENYING PETITIONER'S: MOTION FOR IMMEDIATE CONSIDERATION [Doc. # 7], MOTION TO SHOW CAUSE [Doc. #8] & MOTION TO COMPEL DISCOVERY [Doc. #11]

I. Introduction

      This habeas matter under 28 U.S.C. §2241 is presently before the Court on Petitioner's motions for immediate consideration, to show cause and to compel discovery. Petitioner was convicted in Wayne County Circuit Court for breaking and entering with intent to commit a felony under Mich. Comp. Laws §769.12, and as an habitual offender under Mich. Comp. Laws §750.110, on May 20, 1998. For the reasons stated below, the Court will deny each of Petitioner's motions.

II. Discussion

      From the Court's review of the Offender Tracking Information System (OTIS)[1] it appears that Petitioner's maximum discharge date was May 20, 2008 and that he was released on parol prior to that date. Petitioner states as follows:

---

[1] Petitioner's habeas petition is deficient in its recitation of the substantive and procedural facts. Additionally, Respondent's answer to the habeas petition is not due until July 28, 2008 and the Rule 5 materials have not been filed with the Court to date. Therefore, it was required for the Court to look beyond the pleadings in order to determine the sequence of events.

> While on parole serving a consecutive string of sentences under the continuing jurisdiction of te Michigan Parole Board pursuant to Michigan Statute 791.238. . . petitioner was arrested on respondent's outstanding warrant for the charge of absconding, a technical violation of parole. At the same time a separate and independent warrant for violation of probation was also exercised.
>
> On February 13, 2006, three days after the arrest, an agent of the respondent, Parole Officer John Duhoski, filed a detainer over the petitioner to maintain custody and jurisdiction over the petitioner pending resolution of the consecutive probation violation charge.
>
> On February 14, 2006, petitioner entered a guilty plea for the violation of probation charge with the understanding that the sentence for the probation violation would not be served until **after any time ordered to be served by respondent for the parole violation**. The judge imposing sentence for the probation violation gave special emphasis to this requirement on the record stating the 30 days probation violation sentence would be served "after whatever the parole board decides to do with (petitioner).["]
>
> Respondent, however, seemingly elected to NOT exercise its superseding jurisdiction and order[ed] petitioner to serve any sentence for violation of parole prior to completion of the consecutive sentence imposed for probation violation; which in effect, voided and made unlawful the exercise of any jurisdiction over petitioner by respondent except as specifically provided by MCL 791.234, section 34, (5), as of February 14, 2006.
>
> \* \* \*
>
> Subsequent to the initial parole violation hearing, respondent subjected petition to additional deprivations of equal protection and due process in later parole hearing proceedings.

Pet. at 2-3 (emphasis in the original). Petitioner's maximum discharge date is now June 1, 2017. Petitioner also claims that he has been "denied disclosure of copies of any documents necessary to adequately present claims related to additional constitutional violations committed by respondent . . . " *Id.* at 3.

   A.  *Motion for Immediate Consideration*

Petitioner has requested that his habeas petition be considered immediately as he is being confined against his constitutional rights. Petitioner must persuade the Court that there is a need for

the immediate review of his habeas petition relative to the issue of his release on and/or revocation of parole by demonstrating an independent basis for such consideration. *See, Rein v. Socialist People's Libyan Arab Jamahiriya,* 162 F.3d 748, 756 (2nd Cir. 1998); *Danis News Co. v. City of Ann Arbor,* 517 F. Supp. 86, 88 (D.C. Mich. 1981). In order to determine whether Petitioner's habeas petition should be immediately considered, the Court will look at the subject matter of the habeas petition and the remedy Petitioner seeks, and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief. *See, Media Access Project v. F.C.C.,* 883 F.2d 1063, 1071 (C.A.D.C. 1989).

In this case, Respondent seeks to have the Court immediately resolve this matter despite the fact that: (1) Respondent has not filed its response yet, which is not due until July 28, 2008; and (2) the Rule 5 materials have not been filed with the Court, nor are they due for such filing until July 28, 2008. It is Petitioner's position that the Court should be able to make a determination on this matter based solely upon what has been filed by Petitioner. The court disagrees. Petitioner's pleadings clearly make references to "transcripts," "hearings", "the record," "reports," and other "documents" that are relevant to this case. Although, Petitioner has attached a couple of documents to his habeas petition and other motions, they do not constitute the totality of what is required for the Court's review in order to make a fair and informed ruling in this matter. Respondent's answer nor the Rule 5 materials have been filed with the Court and are not due for filing. Additionally, Petitioner admits to being in violation of his parole by not only pleading guilty, but by stating in a letter to the Michigan Parole Board:

> I recognize and acknowledge my conduct while on parole has been extremely delinquent . . . I have come to suspect that my inability to conform to my

3

> obligation to make regular reports derives from mental illness involving social anxiety disorder and several assaults . . . I simply failed to do what I was supposed to do; no matter the reason . . .

Pet., Attach. 3. These circumstances coupled with the fact that Petitioner's maximum discharge date is June 1, 2017 and Respondent's answer and Rule 5 Materials are due in approximately 30 days, the Court does not find that immediate consideration of this matter is warranted.

### B. Motion to Compel Discovery

As a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracey v. Gramley,* 520 U.S. 899, 904 (1997). At this time, Petitioner has not made the requisite showing of "good cause" that the requested items are necessary to the disposition of this case. *Id.* at 908; 28 U.S.C. foll. §2254, Rule 6(a). As previously stated, Respondent has not file the relevant parole board materials pursuant to Rule 5 Governing 2254 Cases. Once those materials are filed and after a careful review of those documents, the Court will then determine if additional records are needed. On that basis, the Court will deny Petitioner's motion to compel discovery.

### C. Motion to Show Cause

Petitioner's motion requests that the Court order Respondent "to show cause why the writ should not be granted, or alternatively, enter any such order that would best serve the interests of a fair and just resolution of Petitioner's claims." Pet. at 3. In other words, Petitioner is seeking an answer from the Respondent. Respondent was ordered to submit an answer to the habeas petition by July 28, 2008. Therefore, Petitioner's motion is premature and is properly denied at this juncture of these proceedings.

4

III. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Immediate Consideration" [Doc. #7] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Issuance of Writ or Order to Show Cause" [Doc. #8] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Compel Discovery" [Doc. #11] is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager