**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY L. GREEN, #195045,

        Petitioner,

v.                                Case No. 2:08-CV-10198-DT
                                      Honorable Nancy G. Edmunds
                                      Magistrate Judge Steven D. Pepe

JERI ANN SHERRY,

        Respondent.

_____/

**OPINION & ORDER: DENYING PETITIONER'S MOTION FOR
RECONSIDERATION [Dkt. # 14], GRANTING PETITIONER'S MOTION
REQUESTING CERTIFIED COPIES OF RULE 5 MATERIALS [Dkt. # 18], GRANTING
PETITIONER'S MOTIONS FOR IMMEDIATE CONSIDERATION [Dkt. #20 & #27],
GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD [Dkt. # 21],
GRANTING PETITIONER'S MOTION TO SHOW CAUSE [Dkt. # 22], DENYING
PETITIONER'S MOTION FOR PRE-TRIAL CONFERENCE [Dkt. #26], AND DENYING
PETITIONER'S MOTION FOR EVIDENTIARY HEARING [Dkt. #28]**

**I. Introduction**

       Petitioner has filed this habeas petition pursuant to 28 U.S.C. §2241 and raises the

issue of whether Petitioner's due process rights were violated when the Michigan Parole

Board resumed jurisdiction over Petitioner after surrendering its authority and proceeding

to conduct parole revocation action, which resulted in his parole being revoked. Petitioner

has filed several motions and for the reasons stated, the Court's findings are detailed

below.

      **A.  Motion for Reconsideration**

       The Court denied Petitioner's prior motions for immediate consideration, to show

cause, and to compel discovery on June 18, 2008.  Petitioner seeks the Court's

reconsideration of that decision.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates*, P.C., 967 F.Supp. 951, 952 (E.D.Mich.1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D.Mich.1997).

Although the Court detailed its decision denying Petitioner's motions based upon the record before it, succinctly Petitioner's motions were denied because they were brought prematurely.  Respondent's answer to the habeas petition and the Rule 5 materials had not been filed with the Court, nor were they due for filing.  Therefore, the Court was not in a position to immediately consider the petition, nor to compel Respondent to produce discoverable material and submit a response before ordered to do so.  Although, Petitioner argues that sufficient documentation was before the Court, the Court disagrees. Petitioner has failed to show a palpable defect in the Court's decision.  The motion is denied.

### B.  Motion for Certified Copies of Rule 5 Materials

Petitioner requests that the Court provide him with a copy of the Rule 5 materials without cost.  Petitioner submitted a request to the clerk's office for the documents, and the clerk's office responded by sending Petitioner an invoice for $161.00 to be paid before his copy request would be processed.

"If on any application for writ of habeas corpus an order has been made permitting

the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. §2250. Petitioner's application to proceed *in forma pauperis* was granted on January 18, 2008. Additionally, the Rule 5 materials in this matter are not voluminous. The Court grants Petitioner's motion.

### C. Motions for Immediate Consideration

Petitioner has filed two additional motions for immediate consideration. First he seeks the immediate consideration of his motion to expand the record, *infra.* Second, Petitioner requests that his motion for a pre-trial conference, *infra,* be immediately considered. The Court will resolve both motions below. The immediate consideration motions are granted.

### D. Motion to Expand the Record

Petitioner seeks to expand the record by adding documentation of parole proceedings which took place subsequent to the Rule 5 materials being filed. Petitioner has also filed a supplement to his motion to expand the record to include attached documents regarding grievances he has filed with the Michigan Department of Corrections (MDOC) and its responses.

Rule 7(a) of the Rules Governing §2254 cases, 28 U.S.C. foll. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a

variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary material that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

The Court will grant Petitioner's motion and permit the record to be expanded to include: (1)  documentation, records and transcripts  concerning all parole proceedings between July 30, 2008 through December 31, 2008; (2) the documents attached to Petitioner's supplemental motion to expand the record; (3) parole hearing documentation, records and transcripts of the April 2006 parole revocation hearing; and (4) the sentencing hearing transcript dated February 2006 in Wayne County Circuit Court, case #06-5042.[1]

### E.  28 U.S.C. §2243 Motion for Issuance of Writ  (Show Cause)

Petitioner has filed another 28 U.S.C. §2243 motion asking the Court to order Respondent to show cause why a writ should not issue. Since the first show cause motion was filed and denied, Respondent has filed an answer to the habeas petition.  After reviewing Respondent's answer, the Court finds that Petitioner's core issue is not addressed.  Petitioner is not challenging the findings of the parole board in its revocation of his parole, nor whether his parole was revoked with or without a hearing.  Rather, he is contesting the fact that the parole board engaged in any proceedings or decision-making *at all* relative to his parole, which led to its revocation.  Petitioner asserts that the parole board lost jurisdiction to take any action over Petitioner when it failed to do so prior to him

---

[1]Items (3) and (4) are cited in another motion filed by Petitioner as missing from the Rule 5 materials that have been filed with the Court.  Petitioner asserts that "[t]hose materials contain dispositive proof supporting Petitioner's claims." ("Petitioner's Second 28 U.S.C. §2243 Motion for Issuance of Writ," pg. 1).

serving an independent consecutive jail sentence that had no relation to the technical violation charges upon which his parole revocation was based. Respondent's answer does not address this issue. The Court grants Petitioner's motion to the extent that Respondent is ordered to respond to the specific issue enumerated above in support of its position that a writ of habeas corpus should not issue.

### F. Motion for a Pre-trial Conference

Petitioner claims that a pre-trial conference is necessary for the following reasons: (1) he does not have copies of the Rule 5 materials; (2) Petitioner has been assaulted while in custody and prison officials are not responding appropriately; and (3) this matter is not being resolved expeditiously.

Addressing each of Petitioner's concerns, first, the Court has ordered that the clerk of the court send Petitioner copies of the Rule 5 materials. Second, pre-trial conferences serve several purposes; (1) to define and clarify the relevant issues of the case; (2) to acquaint the parties with the "factual contentions of the opposite parties;" and (3) "to narrow or simplify the issues with an eye toward ultimately resolving the lawsuit on the merits." 88 C.J.S. Trial §49, §50 (2008). Pre-trial conferences are not designed to resolve MDOC inmate conflicts and resolutions, especially in light of the fact that this issue is not the subject of the habeas petition. The MDOC has policies and procedures in place to handle those matters.

Third, the Court has now responded to each of Petitioner's pending motions and has ordered that additional documentation be filed with the Court for review. Upon receiving the ordered materials, the Court will make a timely determination on this matter. Petitioner's motion is, therefore, denied.

### G.  Motion for Evidentiary Hearing

The premise of Petitioner's request for an evidentiary hearing is based upon proceedings that took place after the Rule 5 materials were filed with the Court.  He "seeks an evidentiary hearing to present evidence that shows that his confinement is based upon unconstitutional actions by the parole board in simply "'going through the motions' without giving consideration to its required duties or the Petitioner's protected rights." (Mot. for Evid. Hr'g., pg. 1). Since the Court has expanded the record and ordered Respondent to file an additional answer to the habeas petition in an effort to avoid the necessity of an evidentiary hearing, the Court will deny Petitioner's motion and wait until the ordered materials are filed with the Court.  The Court will reconsider Petitioner's request if, following a review of the ordered documents, the Court determines that an evidentiary hearing is necessary. Petitioner need not file additional motions on this issue.

## II.  Conclusion

Accordingly,

IT IS ORDERED that "Petitioner's Motion for Reconsideration of the Court's Opinion and Order Denying Petitioner's Motions to Show Cause and Discovery" [Dkt. #14] is **DENIED.**

IT IS FURTHER ORDERED that "Petitioner's §2250 Motion for Documents" [Dkt. #18] is **GRANTED**.  The clerk of the court is ordered to copy the Rule 5 materials and send them to Petitioner at his current address of record within **thirty (30) days** from the date of this Order.

6

IT IS FURTHER ORDERED that "Petitioner's Motion[s] for Immediate Consideration" [Dkt. #20, Dkt. #27] are **GRANTED**.

IT IS FURTHER ORDERED that "Petitioner's Motion to Expand the Record Ex Parte" [Dkt. #21] is **GRANTED**.  Respondent is ordered to produce the above enumerated documents, records and transcripts within **thirty (30) days** from the date of this Order.

IT IS FURTHER ORDERED that "Petitioner's Second 28 U.S.C §2243 Motion for Issuance of Writ" [Dkt. #22] is **GRANTED**, only to the extent that Respondent is ordered to file a supplemental answer to the habeas petition addressing the above stated issue.

IT IS FURTHER ORDERED that "Petitioner's Motion for Pre-Trial Conference" [Dkt. #26] is **DENIED**.

IT IS FURTHER ORDERED that "Petitioner's Motion for Evidentiary Hearing" [Dkt. #28] is **DENIED** WITHOUT PREJUDICE.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 12, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager