UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY L. GREEN, #195045,

    Petitioner,

v.                                         Case No. 2:08-CV-10198-DT
                                            Honorable Nancy G. Edmunds
                                            Magistrate Judge Steven D. Pepe

JERI ANN SHERRY,

    Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, & DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner, Gary L. Green, is a state inmate currently incarcerated at Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner was convicted after he pled guilty in a Wayne County Circuit Court to breaking and entering with intent. Mich. Comp. Laws §750.110. He was sentenced as an habitual offender, Mich. Comp. Laws §769.12, to two years six months to ten years' imprisonment. Petitioner has filed this habeas petition pursuant to 28 U.S.C. §2241. For the reasons that follow, the Court will deny the petition.

**I. Background**

      While on parole, on January 13, 2006 and on January 18, 2006, Petitioner committed three parole violations: (1) two counts of failing to make his regularly scheduled report to his field agent or make a subsequent report; and (2) one count of taking a purse containing $20.00 and a cell phone from an individual without her permission. Petitioner was arrested on February 10, 2006 by Detroit police. On February 14, 2006, he was sentenced in Wayne County Circuit Court to thirty (30) days in jail for the violations. A

parole violation warrant was requested on January 24, 2006, but was not issued for execution until March 24, 2006. Before Petitioner was issued the parole violation warrant, he had already completed his jail term on March 2, 2006 and became eligible for parole. However, another parole violation warrant was requested at or around the same due to Petitioner's commission of a parole violation during a residential treatment program.

A parole violation warrant requires the apprehension and detention of Petitioner so that he can return to the penal institution to which he was designated, and be subject to the procedural process of the parole board relative to his parole violation. Petitioner waived his right to a preliminary parole violation hearing on February 13, 2006. A formal parole violation hearing took place on April 17, 2006 relative to the February 10, 2006 arrest. Petitioner pled guilty to one count of the parole violation. The remaining two counts were dismissed. Following the hearing it was recommended that Petitioner participate in field programs per the plea agreement and for September 2, 2006 to be his new fixed date of parole. Petitioner has continued to violate the terms of his parole, has a history of absconding while on parole, and has continued to engage in misconduct when he is incarcerated on parole violations. Petitioner remains imprisoned with the next eligibility for parole date of October 14, 2010.

Petitioner asserts that his due process rights were violated when the Michigan Parole Board resumed jurisdiction over Petitioner after surrendering its authority by allowing Petitioner to complete his thirty (30) day jail sentence before proceeding to conduct parole revocation action, which resulted in Petitioner's parole being revoked.

Petitioner is not challenging the findings of the parole board in its revocation of his parole, nor whether his parole was revoked with or without a hearing. Rather, he is contesting the fact that the parole board engaged in any proceedings or decision-making *at all* relative to his parole, which led to its revocation and extended prison time. Petitioner asserts that the parole board lost jurisdiction to take any action over Petitioner after March 2, 2006.

## II.  Standard of Review

Petitioner is proceeding under 28 U.S.C. §2241, which permits a district court to grant a writ of habeas corpus if a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also *United States v. Jalili,* 925 F.2d 889, 893-894 (6th Cir. 1991). However, when a petitioner challenges his "custody pursuant to a state court judgment," then the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996) apply, regardless of how the petitioner characterizes his petition. *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006); *see also Bies v. Bagley*, 519 F.3d 324, 330 n. 3 (6th Cir. 2008) (noting that § 2241 has a "less restrictive" standard than § 2254).

The AEDPA "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Therefore, the procedural requirements applicable under 28 U.S.C. §2254 apply to petitions brought pursuant to §2241. *Greene v. Tenn. Dep't. of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001).

3

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions.  Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different fro an *incorrect* application of federal law."  *Id.* at 410 (emphasis in original).  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law objectively unreasonable." *Id.* at 409.  "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence."  *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

4

### III. Discussion

### A. Exhaustion

State prisoners ordinarily must exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Although a prisoner contesting a sentence may file a petition under 28 U.S.C. §2241, he does not evade the requirements imposed by §2254. *Greene,* 265 F.3d at 371. Thus, Petitioner may bring his petition pursuant to §2241 as well as §2254 but he must comply with the exhaustion requirements of §2254 in either case. See *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). The exhaustion requirement applies to §2241 petitions challenging the execution of a sentence, even though that statute does not mandate exhaustion by its own terms. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).

As an initial matter in this case, the Court notes that Petitioner has not presented his jurisdictional parole claims to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, Petitioner's failure to exhaust his parole claims with the state courts is excusable. Mich. Comp. Laws § 791.234(11); see also *Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005); *Morales v. Mich. Parole Bd.*, 260 Mich. App. 29, 35-42, 676 N.W.2d 221, 226-30 (2003). The Court therefore deems the Petitioner's claims exhausted because there "is an absence of an available State corrective process." 28 U.S.C. 2254(b)(1)(B)(I). Accordingly, the Court will proceed to address the merits of Petitioner's claims.

## B. Constitutional Rights Relative to Parole

A convicted person has no federal constitutional right to a conditional release, or parole, before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see Bd. of Pardons v. Allen*, 482 U.S. 369, 377, n.8 (1987); *Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). In Michigan, a prisoner's release on parole is discretionary with the Michigan Parole Board because Michigan's parole statute, Mich. Comp. Laws § 791.233, does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *Lee*, 76 F. Supp. 2d at 792 (citing *In Re Parole of Johnson*, 596 N.W.2d 202, 204 (Mich. App. Ct. 1999)); *see Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004) (internal citation omitted). The Michigan parole statute therefore does not create a right to be paroled. *Id.; see also Hurst v. Dep't of Corr. Parole Bd.*, 325 N.W.2d 615, 616 (Mich. Ct. App. 1982).

Because the Michigan Parole Board has the discretion to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 325 N.W.2d at 616. Accordingly, Petitioner does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)). Where a prisoner has no state created liberty interest in being paroled, he may not challenge the procedures used to deny him parole. *Johnson,* 314 F. Supp. 2d at 713.

Because Petitioner had no legitimate expectation of and thus no protected liberty

interest in obtaining parole, nor in due process if he is denied parole, he has no right to expect the Michigan Parole Board to follow state procedural rules as a matter of federal due process. *Id.* Therefore, the Michigan Parole Board's failure execute the parole violator warrant before the conclusion of Petitioner's thirty (30) day sentence on March 2, 2006 does not give rise to a due process claim. *Id.* (internal citation omitted); *see also Coleman v. Martin,* 63 F. App'x 791, 792-93 (6th Cir. 2003) (prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines). Likewise, Petitioner's claim that the Michigan Parole Board continued his next parole date to September 2, 2006 in violation of Mich. Comp. Laws § 24.207(k) and Admin. R. 791.7710(2)(c), fails to state a claim for which relief can be granted for the above cited reasons. *See Smith v. Samper,* No. 05-CV-57, 2005 WL 1037011, * 1-2 (W.D. Mich. May 4, 2005).

Because Petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution, or to state a claim upon which habeas relief can be granted, habeas relief is denied.

### C. Due Process Rights Claim

Petitioner claims that the parole board violated his due process rights by waiting until March 24, 2006, twenty-two (22) days after the conclusion of Petitioner's thirty (30) day jail sentence on March 2, 2006, to execute the parole violator warrant. Petitioner asserts that after March 2, 2006, the parole board lost jurisdiction to enforce the warrant. It is Petitioner's position that without jurisdiction, the parole board had no authority to

detain Petitioner, conduct a parole revocation hearing, nor revoke Petitioner's parole. Petitioner's claim is without merit.

The execution of a parole-violator warrant may lawfully be delayed until after completion of the service of a new sentence. *Moody v. Daggett*, 429 U.S. 78, 87 (1976). "[T]he federal courts have routinely upheld parole authorities' decisions to lodge a violation warrant as a detainer, postponing the execution of the warrant and revocation hearing until after the parolee's release from the sentence imposed on the conviction which is the basis of the warrant." *Trevino v. Dewalt*, No. 06-232, 2006 WL 3256820 (E.D. Ky. Nov. 9, 2006) (citing *Brundage v. Snyder*, 27 Fed.Appx. 572 (6th Cir. 2001).[1] The decision regarding when to execute the warrant, and thereby take a parole violator into custody, may be made only by the parole board. *See Smith v. United States Parole Comm'n*, 875 F.2d 1361, 1364 (9th Cir. 1989) (the Commission has the sole authority to decide when to execute its warrant and "the federal government has no duty to take anyone into custody.")("parole violator warrant is not required to be executed immediately upon issuance"), *Hickman v. United States,* 432 F.2d 414, 415 (5th Cir. 1970); see also *Savage v. United States Parole Board,* 422 F.2d 1248 (6th Cir. 1970).

Petitioner cannot demonstrate any prejudice based upon the delay in execution of the warrant. *See Short v. United States Parole Comm'n*, 549 F.Supp. 118 (D.D.C. 1982 ("[U]nless petitioner can establish that actual prejudice has resulted from any of the infirmities he alleges, he cannot be entitled to habeas corpus relief.") The delay in executing the warrant was only twenty-two (22 days); and he violated parole again since his February

---

[1] "But a parole violator has no rights to make demands on the parole board with respect to the time when a violator's warrant should be served." *Lavendera v. Taylor,* 234 F.Supp. 703, 706 (D.C. Kan. 1964). "It is immaterial that the board does not execute the violator's warrant as soon as it might, as long as the warrant is executed without unreasonable delay, the reasonableness of delay turning on the particular facts of each case." *Id.*

14, 2006 parole violation, which resulted in another parole violator warrant.  Therefore, he was already incarcerated on another matter when his revocation hearing was scheduled. Moreover, Petitioner has continued to violate his parole and engage in misconduct while incarcerated. Therefore, his present confinement is not because of a delayed execution of the March 24, 2006 parole violator warrant, but rather due to his other acts of misconduct that are unrelated to the parole violations relative to this habeas claim.

The Michigan Parole Board,  therefore, did not lose jurisdiction and authority to enforce the parole violator warrant by deferring its execution until after Petitioner was discharged from serving the thirty (30) day stint in the Wayne County Jail.  Accordingly, Petitioner is entitled to habeas relief regarding his due process rights claim

### D.  State Law Violation

To the extent Petitioner asserts that the Michigan Parole Board has violated state law in extending prison term to September 3, 2006, it is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998). Accordingly, to the extent that Petitioner asserts a violation of Michigan law, he is not entitled to habeas relief.

### E.  Certificate of Appealability & Proceeding *In Forma Pauperis* on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted.

With respect to proceeding *in forma pauperis* on appeal, Fed. R. App. P. 24(a) sets forth a good faith standard as being an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster v. Ludwick,* 208 F.Supp.2d 750, 765 (E.D. Mich. 2002). An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3); Fed. R. App. P. 24(a); see *Foster,* 208 F.Supp.2d at 764-65.

Based upon the foregoing, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*. as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

10

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and that the petition must, therefore, be denied.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motions filed under the following docket numbers are **DENIED** as **MOOT:** (Dkt. #34; Dkt #39 - Dkt #47; Dkt #50 - Dkt #53; Dkt #56 - Dkt #57 & Dkt #60 - Dkt. #61).

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 7, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

11